UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
DONALD MICHEL,                  :    CASE NO. 5:06-CV-2798
                                                :
            Plaintiff,              :    JUDGE JAMES S. GWIN
                                                :
vs.                                         :    ORDER
                                                :
CITY OF AKRON, et al.,           :
                                                :
            Defendants.         :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 2, 2007, Defendants James Pfister, William Pelfrey, and the City of Akron moved the Court to issue an order abstaining from exercising jurisdiction in this case and to dismiss the Plaintiff's claims. [Doc. 21.] On April 12, 2007, Defendants Summit County, the Summit County Sheriff's Office, and Jennifer Limbert then filed a nearly identical motion seeking either that the Court abstain from the instant case or stay the matter pending resolution of certain related state proceedings. [Doc. 22.] Plaintiff Donald Michel ("Michel") opposes both motions. [Doc. 27.] For the reasons presented below, the Court **GRANTS** the Defendants' motion and dismisses the Plaintiff's claims for lack of subject matter jurisdiction.

I. Background

On November 23, 2004, police executed a search warrant at Plaintiff Michel's business and seized certain machines, records, books, and cash allegedly associated with an illegal gambling operation. [Doc. 27.] On March 5, 2007, the Summit County, Ohio Grand Jury indicted the Plaintiff for engaging in a pattern of corrupt activity, money laundering, tampering with evidence, forgery, gambling and raffles related to the Plaintiff's ownership and operation of several for-profit

-1-

Case No. 5:06-CV-2798
Gwin, J.

businesses in Akron, Ohio, Barberton, Ohio, Norton, Ohio and Springfield Township. [Doc. 21.] On March 23, 2007, the Summit County Court of Common Pleas arraigned Plaintiff Michel and the criminal charges against the Plaintiff are currently pending before Judge Elinor Stormer in case number CR 2007-03-0648-A. *Id.*

On December 14, 2006, after the search and seizure of his business but before his indictment, the Plaintiff brought the instant suit, seeking monetary damages for violation of federal constitutional rights, and 42 U.S.C. Section 1983, as well as state law claims. [Doc. 27.] The Plaintiff's claims revolve around the legality of the various Defendants' actions in searching and seizing his property in November of 2004. *Id.*

## II. Analysis

With their respective motions, the Defendants say the Court should abstain from exercising jurisdiction in the instant case and dismiss the Plaintiff's claims. [Doc. 21, 22.] Specifically, Defendants argue that abstention is required pursuant to the Supreme Court's holding in *Younger v. Harris,* 401 U.S. 37, 43 (1971). *Id.* Plaintiff Michel says that pursuant to the doctrine articulated by the Supreme Court in *Younger*, this Court need not abstain from jurisdiction in the instant case. [Doc. 27.] Ultimately, the Court agrees with the Defendants.

Under the *Younger* doctrine of abstention, a federal court must decline to interfere with pending state civil or criminal judicial proceedings where important state interests are involved absent extraordinary circumstances. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989); *Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004). *Younger* abstention applies whether the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

Case No. 5:06-CV-2798
Gwin, J.

Three requirements have evolved for the proper application of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). Here, all three of these requirements militate in favor of the Court abstaining from the exercise of jurisdiction in this case.

First, it is undisputed that the issues presented here overlap with those being litigated by the Summit County Court of Common Pleas. Indeed, the Plaintiff's civil claims are predicated on proving that the Defendants' conduct in pursuing criminal action against him was and is in error. Second, the subject of the state proceedings – which are focused on preventing illegal gambling activities – implicates an important state interest. Finally, there is no indication that the Plaintiff cannot raise his constitutional claims in the course of the state criminal proceedings. Accordingly, this Court must abstain from interfering in the pending state criminal case against Plaintiff Michel.

### III. Conclusion

For the reasons stated above, the Court GRANTS the Defendants' motion to abstain from the instant case and DISMISSES the Plaintiff's claims.

IT IS SO ORDERED.

Dated: May 7, 2007                              s/ *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE